IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 12 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. **05-CV-1290**

COUSINS ENTERTAINMENT, INC.

    Plaintiff,

vs.

JOHN DOES 1-100, individuals,
JANE DOES 1-100, individuals,
and XYZ COMPANY, business
entity form unknown, inclusive,

    Defendants.

---

### [PROPOSED] TEMPORARY RESTRAINING ORDER; ORDER OF SEIZURE; AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

---

Based upon the complaint, memorandum of points and authorities, Declaration of Stuart Parr and the Certificate of Counsel of Cara R. Burns and all other pleadings and proceedings heretofore had herein and good cause being shown:

IT IS HEREBY ORDERED that defendants, John Does 1-100, Jane Does 1-100 and XYZ Company their true identities being unknown (collectively "Defendants), show cause before the Honorable _John L. Kane_, United States District Court Judge, in Courtroom _802_ of the United States District Court for the District of Colorado, located at 1929 Stout Street, Denver, Colorado at _10 . a._ m. on _July 15_, 2005 or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act 15 U.S.C. § 1051 et. seq., and Local Rule 65, should not be entered granting to Plaintiff, Cousins Entertainment, Inc., a preliminary injunction to

1

enjoin the Defendants from manufacturing, distributing, selling or holding for sale, any clothing, jewelry, photographs, posters and other merchandise (collectively the "Infringing Merchandise") bearing the trademarks, servicemarks, likenesses, tradenames or tour logos of the tour known as the **"ANGER MANAGEMENT TOUR"** and the artists **"EMINEM"** and **"50 CENT"** (collectively, the "Tradenames").

**AND IT APPEARING TO THE COURT** that Defendants are about to sell and distribute the Infringing Merchandise bearing any or all of the Tradenames as set forth in Plaintiff's complaint and declarations, and will continue to carry out such acts unless restrained by order of the Court;

**AND IT APPEARING TO THE COURT** that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the Defendants are preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale, the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income, lessening and dilution of the value of the Tradenames, interference with Plaintiff's ability to exploit, market and license its merchandising rights, confusion in the marketplace as to the duly authorized source of merchandise depicting the Tradenames, and impairment of the good will Plaintiff and its licensors have in the said Tradenames;

**IT IS FURTHER ORDERED** that pending hearing and determination of this application, or the expiration of ten (10) court days from the date hereof, the Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms

and corporations acting in concert with them, and each of them, be and hereby are temporarily restrained from manufacturing, distributing and selling Infringing Merchandise bearing the any or all of the Tradenames;

**AND IT IS FURTHER ORDERED** that pursuant to 1116 (a), the United States Marshal, for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Tradenames which Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from six (6) hours before to six (6) hours after any performance of the tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which said Tour shall be performing, including but not limited to in connection with the concert to be held at the Pepsi Center, in Denver, Colorado on July 14, 2005;

**AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of $_____ no later than _____, 2005, receipt of which is hereby acknowledged to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

/ / /

/ / /

**AND IT IS FURTHER ORDERED** that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

**AND IT IS FURTHER ORDERED** that service of a copy of this order to show cause together with the complaint upon which it is based, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

**AND IT IS FURTHER ORDERED** that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

**AND IT IS FURTHER ORDERED** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

**AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before _____, 2005. Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before _____, 2005. Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

AND IT IS FURTHER ORDERED that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

IT IS SO ORDERED.

Dated July 12, 2005

At: 4:32 p.m.

John C. Kane

UNITED STATES DISTRICT COURT JUDGE

Respectfully Submitted
COUSINS ENTERTAINMENT, INC.
By Its Attorneys

DAVID H. GOLDBERG
Schwartz & Goldberg, P.C.
1225 17th Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-893-2500
Facsimile: 303-893-3349
E-mail: dgoldberg@sgattorneys.com

CARA R. BURNS
725 South Figueroa Street, Suite 2280
Los Angeles, California 90017
Telephone: (213) 607-2290
Facsimile: (213) 538-1375
E-mail: cburns@hmklawyers.com