IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 8 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-CV-1290 JLK OES

COUSINS ENTERTAINMENT, INC.

        Plaintiff,

vs.

JOHN DOES 1-100, individuals,
JANE DOES 1-100, individuals,
and XYZ COMPANY, business
entity form unknown, inclusive,

        Defendants.

---

## [PROPOSED] PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

---

Plaintiff Cousins Entertainment, Inc. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, tradenames, logos, likenesses or images of "Artists" namely the tour the **"ANGER MANAGEMENT TOUR"** and the artists **"EMINEM"** and **"50 CENT"** (collectively the "Artist's Marks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artists' concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable John L. Kane on the 18th day of July, 2005, at the United States Courthouse for the District of Colorado, and Plaintiff having appeared by its attorneys, and there having been no other appearances; Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings

heretofore had herein in this matter, the Court hereby finds:

1.      By reason of the substantial and continuous use of the federally registered trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artists in connection with the artists' work as musical performing artists, said marks have acquired meanings identified with the Artists and with products and services associated with them such as the Artists' Marks;

2.      The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artists' federally registered trademarks, servicemarks, tradenames, likenesses, logos, images or other Artists' Marks owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, and images of the Artists or the Artists' Marks at or near the sites of the Artists' concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.      The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringed the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artists with respect to such goods;

4.      Defendants, and those in active concern or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order to Show Re: Preliminary Injunction and the Complaint filed in support of Plaintiff's application in this

case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)    Using any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artists and the Artists' Marks, namely of the **"ANGER MANAGEMENT TOUR"** and the artists **"EMINEM"** and **"50 CENT"**, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)    Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artists or the Artists' Marks; or

( c)    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, or Stuart Parr and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artists or the Artists' Marks, namely of the **"ANGER MANAGEMENT TOUR"** and the artists **"EMINEM"** and **"50 CENT"**, or any colorable imitations or variations thereof, or associated marks which defendants or their agents,

employees or representatives attempt to sell or are holding for sale in the vicinity of any of the

Artists' concerts from six (6) hours before to six (6) hours after any performance of the Artists within

a ten (10) mile vicinity of the halls, stadiums or arenas at which the Artists shall be performing or

elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in

any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing,

jewelry, photographs, posters and other merchandise bearing any or all of the federally registered

trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artists, or any colorable

imitations or variations thereof, sold and held for sale in the, vicinity of the arenas or other venues

at which the Artists shall be performing, or elsewhere where such merchandise is being sold, held

for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of

this Order.

   **IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the

Summons and Complaint, be made upon defendants by the Process Servers, at the time of the seizure

provided herein is effected and that such service shall be deemed good and sufficient.

   **IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this

order promptly, courteously and peaceably identify himself or herself to the aforementioned Process

Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or

otherwise identify the defendant.

   **IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person

from whom goods are seized.

   **IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of

this Order who objects to the provisions here in may submit his or her objections for this Court or

otherwise move for relief from this Court within ten (10) days of the date of seizure according to the

Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the

terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in

this action be delivered up to the Plaintiff or the persons designated above, pending final disposition

of this matter.

**IT IS SO ORDERED.**

Dated July 15 2005
At 10:05 a. m.

THE HONORABLE JOHN L. KANE
UNITED STATES DISTRICT COURT JUDGE

Respectfully Submitted
COUSINS ENTERTAINMENT, INC.
By Its Attorneys

DAVID H. GOLDBERG
Schwartz & Goldberg, P.C.
1225 17th Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-893-2500
Facsimile: 303-893-3349
E-mail: dgoldberg@sgattorneys.com

CARA R. BURNS
725 South Figueroa Street, Suite 2280
Los Angeles, California 90017
Telephone: (213) 607-2290
Facsimile: (213) 538-1375
E-mail: cburns@hmklawyers.com